IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ISRAEL VASQUEZ | § | |
| v. | § | CIVIL ACTION NO. 9:07cv236 |
| LLOYD MASSEY, ET AL. | § | |

MEMORANDUM OPINION AND PARTIAL ORDER OF DISMISSAL

The Plaintiff Israel Vasquez, an inmate of the Texas Department of Criminal Justice, Institutional Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining that his constitutional rights were violated during his confinement in the prison. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Vasquez named warden Lloyd Massey, Sgt. P. Gilbert, and Officer D. Dezeeuw.

An evidentiary hearing was conducted pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), on May 15, 2008. At this hearing, the parties consented to allow the undersigned United States Magistrate Judge to enter final judgment in this action. The lawsuit was subsequently assigned to the docket of the undersigned United States Magistrate Judge for entry of final judgment in accordance with the consent of the parties.

At the hearing, Vasquez testified that on January 16, 2006, Sgt. Gilbert used excessive and unnecessary force on him by assaulting him as he sat in a dayroom. He stated that on March 23, 2007, Officer Dezeeuw beat him up and injured his left arm. These allegations, if proven, show potential constitutional violations. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992); Baldwin v. Stalder, 137 F.3d 836, 839 (5th Cir. 1998). Vasquez's claims against these individuals should be allowed to proceed.

Vasquez also testified that Warden Massey is responsible for the operations of the unit and the actions of his employees, indicating that Massey should be held liable because of his position of authority.

The Fifth Circuit has held that lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in Section 1983 cases. Williams v. Luna, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable if there is personal involvement in a constitutional deprivation, a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987).

In this case, Vasquez has failed to meet any of the criteria for supervisory liability on the part of Warden Massey. He has not shown that the warden was personally involved in a constitutional deprivation, that wrongful conduct by the warden was causally connected to a constitutional deprivation, or that the warden implemented a constitutionally deficient policy which amounted to a repudiation of constitutional rights and was the moving force behind a constitutional deprivation. For this reason, his claim against Warden Massey should be dismissed.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory.

Neitzke v. Williams, 490 U.S. 319, 325-7 (1989). A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Neitzke, 490 U.S. at 327, *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Vasquez's claims against Warden Massey lack an arguable basis in law and fail to state a claim upon which relief may be granted. Consequently, these claims may be dismissed as frivolous under 28 U.S.C. §1915A(b). *See generally* Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993). It is accordingly

ORDERED that the Plaintiff's claims against Warden Lloyd Massey be and hereby are DISMISSED as frivolous and for failure to state a claim upon which relief may be granted. It is further

ORDERED that Warden Lloyd Massey is hereby DISMISSED as a party to this lawsuit. This dismissal shall have no effect upon the plaintiff's claim against Sgt. Gilbert and Officer Dezeeuw. Finally, it is

ORDERED that the dismissal of this claim and this party shall not count as a strike for purposes of 28 U.S.C. §1915(g).

So **ORDERED** and **SIGNED** this **26** day of **May, 2008.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE