IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ISRAEL VASQUEZ | § | |
| v. | § | CIVIL ACTION NO. 9:07cv236 |
| LLOYD MASSEY, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Israel Vasquez, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding pursuant to 28 U.S.C. 636(c).

A trial before the Court was scheduled for January 27, 2009. Sworn testimony presented to the Court on that date from Pam Hudgins, United States Deputy Marshal, and Alan Boger, TDCJ transportation officer, showed that Vasquez was belligerent and uncooperative while being brought into the courthouse, and so the Court ordered that leg irons be placed upon him. Vasquez thereupon refused to come into the courtroom, despite being given ample opportunity to do so.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988); Rule 41(b), F. R. Civ. P. Vasquez's failure to prosecute his case is demonstrated by his refusal to proceed with the trial.

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988), *citing* Rogers v. Kroger

Co., 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. McNeal, 842 F.2d at 793.

In this case, Vasquez's willful refusal to proceed with a scheduled trial is plainly an action which threatens the judicial process. The Court set aside time on a busy docket to hear Vasquez's claims, the defendants were present after taking time off from their current employment, witnesses were present, and representatives of the Attorney General for the State of Texas were present with documents and exhibits pertinent to the Plaintiff's claim. The imposition of fines and costs is not appropriate given the fact that the Plaintiff is proceeding *in forma pauperis*, and the status and nature of this case. Upon consideration of all relevant factors and potential lesser sanctions, I have determined that this lawsuit should be dismissed with prejudice for failure to prosecute. *See* Brown v. Thompson, 430 F.2d 1214, 1216 (5th Cir. 1970) (stating that "the authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted"); Thompson v. Fleming, 402 F.2d 266, 267 (5th Cir. 1968) (affirming dismissal with prejudice for failure to prosecute where plaintiff declined to proceed at trial). It is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice for failure to prosecute. Rule 41(b), Fed. R. Civ. P. It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

So **ORDERED** and **SIGNED** this **27** day of **January, 2009.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE